UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETE JESSIE SALAZAR,

      Petitioner,

v.                                                       Case No. 05-C-1300

STEVE COWAN,

      Respondent.

**ORDER**

On December 16, 2005, Pete Jessie Salazar filed this petition pursuant to 28 U.S.C. § 2254, asserting that he is being held in state custody in violation of the Constitution. According to the petition, petitioner is being held in the Dodge Correctional Institution on a detainer.[1] He has been charged with possession of marijuana by the State of Texas.

Petitioner has filed an application for leave to proceed in forma pauperis. In support of that application, he has submitted his trust account activity statement from DCI. That statement shows that he only has $0.48 in his account. Petitioner represents that he has no other assets and is not employed. The court finds that petitioner has made the requisite showing and accordingly grants leave to proceed in forma pauperis.

Having granted petitioner leave to proceed in forma pauperis, I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an

---

[1] In his application to proceed in forma pauperis, petitioner represents that he is being held in the Morris County (Texas) Jail on pretrial detention.

order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner claims that the State of Texas failed to try him within 180 days of his request for trial under the Intestate Agreement on Detainers, Wis. Stat. § 976.05. The Interstate Agreement on Detainers is a state law, not a federal law, and petitioner's remedy for its violation does not lie in this court. In addition, petitioner does not claim to have exhausted his remedies in state court. *Cf.* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.") Accordingly, his petition must be dismissed.

**THEREFORE, IT IS ORDERED** that petitioner's application for leave to proceed in forma pauperis is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this __20th__ day of December, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge